# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

     Plaintiff,

v.                                          No. 1:23-cv-00684-JFR

NEW MEXICO STATE POLICE,

     Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND
### ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case, Doc. 1, filed August 17, 2023 ("Complaint") and Plaintiff's Declaration and Application to Proceed In Forma Pauperis, Doc. 2, filed August 17, 2023 ("IFP Application").

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed a declaration stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's income amount during the past 12 months is $9,00.00 [$750 per month]; (ii) Plaintiff's monthly expenses total $1,200.00; (iii) Plaintiff has $20.00 in cash and no funds in bank accounts.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed a declaration stating she is unable to pay the costs of this proceeding and because her monthly expenses exceed her monthly income.

**The Complaint**

Plaintiff states: "This is a lawsuit for prospective injunctive relief from on-going civil rights violations."  Complaint at 4.  The only factual allegations in the Complaint state:

> On December 7, 2022, the Plaintiff's individually task-trained service dog "Flint" was stolen from her place of residence in Ute Park, New Mexico, Colfax County. On December 9, 2022, [Plaintiff] reported the theft of her service dog to NMSP Officer Tim Smith.  Officer Smith (now a detective) refused to investigate. [Plaintiff] has repeatedly requested investigation into the hate crimes committed against her, without response.

Complaint at 4.  Plaintiff asserts claims pursuant to: (i) "Fourteenth Amendment, equal protection clause;" and (ii) "Americans with Disabilities Act, Title II."  Complaint at 3.  Plaintiff seeks the following relief: (i) "Prospective injunctive relief from on-going discrimination;" (ii) "Reimbursement of actual cost of stolen service dog ($40,000);" and (iii) "Compensatory damages."  Complaint at 4.

**Equal Protection Claim**

2

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

It appears the Court does not have jurisdiction over Plaintiff's equal protection claim. The sole Defendant in this case is the New Mexico State Police which is an arm of the State of New Mexico. *See* Complaint at 1-2.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). There are no factual allegations in the Complaint showing that the State of New Mexico waived or that Congress abrogated the State of New Mexico's Eleventh Amendment immunity from equal protection claims.

Furthermore, the Complaint fails to state an equal protection claim:

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike," *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (internal quotation marks omitted), and is intended "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (internal quotation marks omitted). An equal protection claim may be asserted with respect to a group or a "class of one." *Holmes*, 830 F.3d at 1166.

A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.

*A.N. by and through Ponder v. Syling*, 928 F.3 1191, 1196 (10th Cir. 2019).   There are no allegations that Defendant intentionally treated Plaintiff differently from others similarly situated and that there is no rational basis for the difference in treatment.

**Americans with Disabilities Claim**

Plaintiff also appears to assert a claim pursuant to Title II of the Americans with Disabilities Act.  *See* Complaint at 3 (referencing "Americans with Disabilities Act, Title II").

Title II of the ADA states, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To have a viable claim, a plaintiff must prove:

(1) that he or she is a qualified individual with a disability;

(2) that he or she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and

(3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*J.V. v. Albuquerque Public Schools*, 813 F.3d 1289, 1295 (10th Cir. 2016); *see also* 42 U.S.C. § 12131(1) (defining "public entity as meaning "any State . . . government [and] any department, agency, special purpose district, or other instrumentality of a State").

The Complaint fails to state a discrimination claim pursuant to the ADA.  The Complaint makes the conclusory allegation of "intentional discrimination" but does not contain factual allegations showing that Plaintiff is a qualified individual with a disability, describing the discrimination, identifying who discriminated against Plaintiff, and showing that the discrimination was by reason of Plaintiff's disability.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

**Injunctive Relief**

The Complaint fails to state a claim for "prospective injunctive relief from on-going civil rights violations" because there are no factual allegations describing the alleged ongoing civil rights violations and hate crimes or the acts to be enjoined or required.  Complaint at 4; *see* Fed. R. Civ. P. 65(d) (setting forth the contents and scope of every injunction).

**Additional Amendments**

Plaintiff states: "Damages for intentional discrimination, negligent infliction of emotional distress, loss of services and loss of companionship will be added later."  Complaint at 4.  The Court reminds Plaintiff that the right to amend her Complaint is limited.  *See* Fed. R. Civ. P. 15(a)(2) (after amending once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave").

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim over which the Court has jurisdiction, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)      Plaintiff's Declaration and Application to Proceed In Forma Pauperis, Doc. 2, filed August 17, 2023, is **GRANTED.**

(ii)     Plaintiff shall, within 21 days of entry of this Order, file an amended complaint.

Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**