IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                No. 1:23-cv-00684-DHU-JFR

NEW MEXICO STATE POLICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, states: "This is a lawsuit for prospective injunctive relief from on-going civil rights violations." Complaint for a Civil Case at 4, Doc. 1, filed August 17, 2023 ("Complaint"). The only factual allegations in the Complaint state:

> On December 7, 2022, the Plaintiff's individually task-trained service dog "Flint" was stolen from her place of residence in Ute Park, New Mexico, Colfax County. On December 9, 2022, [Plaintiff] reported the theft of her service dog to NMSP Officer Tim Smith. Officer Smith (now a detective) refused to investigate. [Plaintiff] has repeatedly requested investigation into the hate crimes committed against her, without response.

Complaint at 4. Plaintiff asserts claims pursuant to: (i) "Fourteenth Amendment, equal protection clause;" and (ii) "Americans with Disabilities Act, Title II." Complaint at 3. Plaintiff seeks the following relief: (i) "Prospective injunctive relief from on-going discrimination;" (ii) "Reimbursement of actual cost of stolen service dog ($40,000);" and (iii) "Compensatory damages." Complaint at 4.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff:

> As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir.

2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

It appears the Court does not have jurisdiction over Plaintiff's equal protection claim. The sole Defendant in this case is the New Mexico State Police which is an arm of the State of New Mexico. *See* Complaint at 1-2.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). There are no factual allegations in the Complaint showing that the State of New Mexico waived or that Congress abrogated the State of New Mexico's Eleventh Amendment immunity from equal protection claims.

Order at 3-5, Doc. 4, filed August 21, 2023 (also notifying Plaintiff that the Complaint fails to state an equal protection claim, a discrimination claim pursuant to the Americans with Disabilities Act, and a claim for injunctive relief). Judge Robbenhaar ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. Plaintiff did not file an amended complaint by the September 14, 2023, deadline.

The Court concludes it does not have jurisdiction over this case because the Complaint does not contain allegations to support jurisdiction and Plaintiff did not file an amended complaint alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir.

2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
UNITED STATES DISTRICT JUDGE